

**ENTERED**
**07/22/2010**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| IN RE | ) |
| | ) |
| PAUL and ROBIN ROBASZKIEWICZ, | )   CASE NO. 09-35059-H3-13 |
| | ) |
|       Debtors | ) |
| | ) |

<u>MEMORANDUM OPINION</u>

Came on for trial the "Objection to Proof of Claim of David Urbantke (Claim Number 14)" (Docket No. 58) filed by Paul and Robin Robaszkiewicz, Debtors, and after considering the Response (Docket No. 68), pleadings, evidence and argument of counsel, the court makes the following findings of fact and conclusions of law. A separate Judgment will be entered sustaining in part, and overruling in part, the Objection, and allowing David Urbantke an unsecured, nonpriority claim in the amount of $198,708.24, representing unpaid principal, plus interest at the rate of 7% per annum from June 15, 2008 to July 14, 2009.  To the extent any findings of fact are construed to be conclusions of law, they are hereby adopted as such.  To the extent any conclusions of law are construed to be findings of fact, they are hereby adopted as such.

Findings of Fact

Paul and Robin Robaszkiewicz, Debtors, filed a voluntary Chapter 13 bankruptcy petition on July 14, 2009.  Debtors listed David Urbantke (Urbantke) as an unsecured nonpriority creditor in the amount of $197,708.24.  Docket No. 1, Schedule F.  The bar date to file a proof of claim was November 25, 2009.

On August 7, 2009, Urbantke filed a proof of claim, for money loaned, in the amount of $198,708.24 which was secured by a pledge of corporate stock.   Proof of Claim No. 4.  Debtors filed an objection, and amended objection, to Urbantke's Proof of Claim No. 4 on the sole basis that it was not a secured claim.  Docket Nos. 30 and 51.  The court sustained the objection and disallowed the secured status of the claim.  Docket No. 52.  On November 6, 2009,  Urbantke  amended  his  claim  to  reflect  that  it  was  an unsecured claim in the same amount.   Thereafter, on December 18, 2009, he filed a proof of claim identical to Proof of Claim No. 4, as amended.  Proof of Claim No. 14.

Debtors never filed an Objection to Proof of Claim No. 4, as amended.  Debtors filed an Objection to Proof of Claim No. 14 on the  bases  that  it  was  filed  after  the  bar  date,  there  was insufficient documentation to sustain the claim, the shares of stock had previously been returned to Urbantke, and the amount of the claim did not reflect payments made or a credit for assets

returned to Urbantke by Debtors.  The court finds that Proof of Claim No. 14 amends Proof of Claim No. 4, which was timely filed on August 7, 2009, and is a duplicate of Proof of Claim No. 4, as amended, which was also timely filed on November 6, 2009.

Urbantke's claim is based upon a promissory note in the amount of $225,000, with "interest payable on the unpaid principal at the rate of 7% per annum, calculated yearly not in advance." The note was payable to Urbantke and signed by Paul Robaszkiewicz (Robaszkiewicz) and Dennis Hoover (Hoover) on May 22, 2007.  The promissory note provided that the note was secured by 100% of all shares of Sadco Services, Inc.  Urbantke Exhibit No. 1.  The promissory note was executed in conjunction with a "Purchase and Sale of Business Agreement" (Agreement) which was entered into by David and Arlene Urbantke, Robaszkiewicz and Hoover on May 22, 2007.  Pursuant to the Agreement, the Urbantkes agreed to sell the shares of Sadco Services, Inc., which operated a screen printing and embroidery business, in addition to the "Wholly Owned Assets, Bank Accounts, Pension Accounts, Equipments, Inventory, Stock, Office Equipments, Non-Personal Liabilities, (collectively, the bills), etc., (The Business)" to Robaszkiewicz and Hoover, who agreed to "purchase the Shares" from the Urbantkes.  Urbantke Exhibit No. 15.  Despite the possible ambiguity in the language of the agreement, Urbantke and Robaszkiewicz testified that they

considered the sale to be of the entire business.

The purchase price was $250,000 with a $25,000 deposit to be paid on or before May 15, 2007 and the remaining balance of $225,000 was to be paid pursuant to the promissory note. It is not disputed that the Debtor paid the deposit amount and pursuant to the note began making monthly payments of $3,395.86 in August 2007. Payments were made for eleven months, with the last payment being made on June 15, 2008. Urbantke Exhibit No. 14. After crediting the deposit and monthly payments, the principal balance of the note as of June 2008 was $198,708.24. Testimony of Urbantke. Debtors did not contest this figure. Urbantke testified that accrued interest from June 15, 2009 to March 22, 2009, on the principal amount due, was $24,770.48.

Apart from the sale of the business, Urbantke was the owner of the building in which the business operations were conducted prior to and after the sale. On May 22, 2007, Urbantke leased the premises to Sadco Services, Inc. for $2,200 per month. In November 2008, Urbantke instituted eviction proceedings based upon Sadco Services, Inc.'s default in making the lease payments. The lease agreement contained a distress provision wherein upon default, the landlord could enter the premises and seize, remove and sell the tenant's goods, chattels and equipment from the premises. See Exhibit A to Docket Nos. 10 and 11, Case No. 08-

35913-H2-7, of which the court takes judicial notice.  Pursuant to the eviction process, Urbantke took possession of, and sold, the assets located on the leased premises and received approximately $46,000 as a result.  Testimony of Urbantke.

Robaszkiewicz contends that the proceeds from the sale of these assets by Urbantke should be credited against the amount owed on the note.  The seizure and sale of the assets were the end result of the eviction proceeding that Urbantke instituted as a result of Sadco Services, Inc.'s default on the lease agreement.  The promissory note executed by Robaszkiewicz relates to the purchase of the business, which is a separate transaction from the lease agreement between Urbantke and Sadco Services, Inc.  None of the monies collected from Urbantke's exercise of his rights as a landlord pursuant to the lease agreement will be applied to reduce the balance owed on the note.

By letter dated December 10, 2008, Urbantke, through counsel, made demand on Robaszkiewicz and Hoover for payment of the note in full, with accrued interest, and demanded the immediate return of the security interest, the shares of Sadco Services, Inc.'s stock.  Urbantke Exhibit No. 2.  Robaszkiewicz and Hoover transferred the stock to Urbantke via two documents entitled "Transfer of Stock of Agreement" signed on December 16, 2008 and

forwarded to Ubantke by correspondence of the same date.[1]
Urbantke's Exhibit Nos. 3, 4, 5, 7.  In light of the fact that the
stock shares are security for payment of the note and that they
were returned to Urbantke, their value should be deducted from the
amount owed on the note.

Urbantke testified that when the company was incorporated
approximately 50 shares of stock were issued and valued at $1.00
each.  The court notes that on September 4, 2008, Robaszkiewicz
instituted a voluntary chapter 7 bankruptcy proceeding as the Vice
President of Sadco Services, Inc.  The case was dismissed October
31, 2008 on the U.S. Trustee's motion for the failure of Sadco
Services, Inc. to appear through counsel, failure to file the
required documents pursuant to 11 U.S.C. § 521, and failure to
appear at the creditors' meeting.   Case No. 08-35913-H2-7.
Robaszkiewicz testified that Sadco Services, Inc. filed bankruptcy
because the business was broke and the petition was filed without
counsel because Sadco Services, Inc. was unable to afford an
attorney.  Sadco Services, Inc. was having some cash flow issues
around the time of the sale.  Testimony of Urbantke.  The court
finds that the value of the stock declined from the time of the

---

[1] The physical shares of stock appear to have been stored in a file cabinet
located on the business premises from a time prior to the sale until after the
business premises were returned to Urbantke and he discovered them.

sale of the business, as is evident from the default by Sadco Services, Inc. on the lease of the business premises with Urbantke, Robaszkiewicz's and Hoover's default on the promissory note, and the filing of a bankruptcy liquidation proceeding by Robaszkiewicz on behalf of Sadco Services, Inc.   The business is no longer operating.   The court concludes that no amount is to be deducted from the amount due on the note as a result of the return of the security interest.

Although he did not make the request in any of his proofs of claim, Urbantke is seeking reimbursement for payments of approximately $42,000 that he claims to have made on behalf of Sadco Services, Inc. from August 2008 to March 2009.   Urbantke Exhibit No. 16.   According to Urbantke, these payments were lease payments made on equipment leased to Sadco Services, Inc. for use in its business.   Urbantke testified that he entered into equipment leases on behalf of Sadco Services, Inc. prior to the sale of the business and executed personal guarantees for payment.   He testified that it was his understanding that, pursuant to the sale of the business, Robaszkiewicz and Hoover were to assume the payments on these leases.   Urbantke did not contact the leasing companies to advise them of the sale of the business.  Upon default on the equipment leases, Urbantke testified that he made the payments.   Urbantke submitted a summary list of the payments.

Urbantke Exhibit No. 16.  Urbantke was personally liable for the equipment lease payments as the guarantor.  No evidence was submitted to establish that Robaszkiewicz assumed the payments or became personally liable to make payments on any of the equipment leases.  The court finds that there will be no reimbursement for these payments Urbantke claims to have made on behalf of Sadco Services, Inc.

### Conclusions of Law

A proof of claim is deemed allowed unless a party in interest objects.  If an objection is made, the court shall determine the amount of such claim as of the date of the filing of the petition.  11 U.S.C. § 502.

When a proof of claim in bankruptcy is filed, the party filing the claim is presumed to have made a prima facie case against the debtor's assets. *In re Fidelity Holding Company, Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988).  The objecting party must produce evidence rebutting the presumption raised by the proof of claim.  *Id.*  If such evidence is produced, the party filing the claim must then prove by a preponderance of the evidence the validity of the claim.  *Id.*  The claiming party, through this process, bears the ultimate burden of proof.  Id.  Accord *In re Missionary Baptist Foundation of America*, 818 F.2d 1135, 1143-1144 (5th Cir. 1987) and *In re Joseph A. Burger*, 125 B.R. 894, 902 (Bankr. D. Del. 1991).

Section 502(b)(2) states the general rule that there is a suspension of the accrual of interest on claims as of the date of the filing of the petition.  A claim is disallowed to the extent that "such claim is for unmatured interest."  In liquidating interest-bearing claims, the Bankruptcy Code selects the petition date for purposes of the liquidation of the debtor's assets.  The court finds that the accrual of interest terminates upon the date of filing bankruptcy, July 14, 2009.

Based upon the foregoing, the "Objection to Proof of Claim of David Urbantke (Claim Number 14)" is sustained in part and overruled in part, and David Urbantke is allowed an unsecured, nonpriority claim in the amount of $198,708.24 with interest at the rate of 7% per annum from June 15, 2008 to July 14, 2009.  A separate Judgment will be entered in conjunction herewith.

SIGNED at Houston, Texas on this 22nd day of July, 2010.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE